IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FYR SFR BORROWER, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 1:26-CV-5249-ELR-AWH |
| MARGIE SHANTEL WALKER and all other occupants, | : | |
| | : | |
| Defendants | : | |

**ORDER and FINAL REPORT AND RECOMMENDATION**

Defendant Margie Shantel Walker, who is proceeding *pro se*, seeks leave to remove to this Court a dispossessory action filed by Plaintiff in the Magistrate Court of Clayton County, see Doc. 1-1 at 10, without prepayment of fees or security pursuant to 28 U.S.C. § 1915(a). The Court **GRANTS** Defendant's request to proceed *in forma pauperis* solely for the limited purpose of determining whether this action has been properly removed to this Court. For the reasons discussed below, the undersigned **RECOMMENDS** that the case be **REMANDED** to the Magistrate Court of Clayton County.

**Discussion**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of

the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction." Walker v. Sun Trust Bank of Thomasville, Ga., 363 F. App'x 11, 15 (11th Cir. 2010) (citing 28 U.S.C. §§ 1331, 1332). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship [pursuant to 28 U.S.C. § 1332], federal-question jurisdiction [pursuant to 28 U.S.C. § 1331] is required." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

"When determining subject-matter jurisdiction, a court must construe the removal statute narrowly and resolve any uncertainties in favor of remand." Ashley v. Bank of Am., N.A., No. 1:11-CV-3762-RWS, 2012 U.S. Dist. LEXIS 86793, at *4 (N.D. Ga. June 21, 2012) (citing Burns v. Windsor Ins., 31 F.3d 1092, 1095 (11th Cir. 1994)). "Further, the party seeking removal bears the burden of establishing federal jurisdiction." Id.; see also Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) ("[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists."). Defendant does not allege, nor has she shown that diversity jurisdiction exists, and all parties appear to be citizens of Georgia, see Doc. 1-2 at 1. Instead, Defendant

asserts that the Court's jurisdiction is based on federal question jurisdiction, 28 U.S.C. § 1331, and she also cites 28 U.S.C. § 1443 as the basis for removal. Doc. 1-1 at 1-5.

## I. Federal Question

"The well-pleaded complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331," and that rule "governs whether a case is removable from state to federal court pursuant to 28 U.S.C. § 1441(a) . . . ." Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 & n.2 (2002). The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., 482 U.S. at 392. Defenses or potential defenses, even those arising under federal laws or the United States Constitution, are ignored in determining whether a federal question has been raised by the plaintiff's complaint. See Ben. Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) ("To determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses . . . ."); Pan Am. Petroleum Corp. v. Superior Court of Del., 366 U.S. 656, 663 (1961) (If the plaintiff does not raise a federal question in the complaint, "it is no substitute that the defendant is almost certain to raise a federal defense"); Bd. of Educ. of the City of Atlanta v. Am. Fed'n of State, County and Mun. Empls., 401 F. Supp. 687, 690 (N.D. Ga. 1975) ("Stated simply, a federal district court's original federal question

jurisdiction must be posited upon the plaintiff's pleading of his own case, and not by defendant's response or even plaintiff's anticipation of a federal element in that response.").

Here, Defendant has not shown that Plaintiff asserted any federal claims in this action or that a federal question is otherwise presented on the face of the complaint. Instead, the underlying action—in which Plaintiff seeks to dispossess Defendant from the subject premises—arises under state law. See Park at Galaway v. Elliott, No. 1:19-CV-05526-ELR-JFK, 2019 U.S. Dist. LEXIS 235262, at *4 (N.D. Ga. Dec. 9, 2019) (explaining that "[a] dispossessory action is brought pursuant to O.C.G.A. § 44-7-50," and "[n]o federal question is presented by Plaintiffs' dispossessory proceeding"), adopted by 2020 U.S. Dist. LEXIS 239166 (N.D. Ga. Jan. 6, 2020); CF Lane, LLC v. Bynum, No. 1:14-cv-2167-WSD, 2014 U.S. Dist. LEXIS 94076, at *4 (N.D. Ga. July 11, 2014) ("Plaintiff's Complaint is a dispossessory warrant which is based solely on state law."). Because Defendant has not shown that the original complaint contains a federal claim or presents a federal question, federal question jurisdiction does not exist.

## II. 28 U.S.C. § 1443

Defendant also cites to 28 U.S.C. § 1443 in her Notice of Removal, Doc. 1-1 at 1, so the undersigned addresses it out of an abundance of caution. 28 U.S.C. § 1443 "provides for removal of any action commenced in state court 'against any person who is denied or cannot enforce in the courts of such State a right under any

law providing for the equal civil rights of citizens of the United States.' 28 U.S.C. § 1443(1)." Elul LLC v. Germany, No. 1:25-CV-7200-MHC-CCB, 2026 U.S. Dist. LEXIS 23778, at *4–5 (N.D. Ga. Jan. 16, 2026) adopted by 2026 U.S. Dist. LEXIS 22759 (N.D. Ga. Feb. 4, 2026). "A removal petition under § 1443 must satisfy a two-part test." Id. at *5 (citing Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001)). " 'First, the petitioner must show that the right upon which the petitioner relies arises under a federal law providing for specific civil rights stated in terms of racial equality.' " Id. (quoting Conley, 245 F.3d at 1295). " 'Second, the petitioner must show that he has been denied or cannot enforce that right in the state courts.' " Id. (quoting Conley, 245 F.3d at 1295). The second prong "typically requires a specific showing that the 'denial be manifest in a formal expression of state law.' " Sapir Realty, LLC v. Collins, No. 1:25-cv-4950-SDG-CMS, 2025 U.S. Dist. LEXIS 173556, at *7 (N.D. Ga. Sept. 5, 2025) (quoting Johnson v. Mississippi, 421 U.S. 213, 219-20 (1975)).[1] "The Supreme Court has explained that 'the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.' " Id. at *7–8 (quoting City of Greenwood v. Peacock, 384 U.S. 808, 828 (1966)).

[1] The District Judge remanded Sapir Realty to the state court for lack of subject matter jurisdiction. See Doc. 8 in 1:25-cv-04950-SDG.

Here, Defendant fails to show that the right upon which she relies "arises under a federal law providing for specific civil rights stated in terms of racial equality." Defendant alleges in her Notice of Removal that she complains of "the denial or the inability to enforce, in the courts of a State, one or more rights under any law providing for the equal rights of citizens of the United States," and then cites generally to "the U.S. Constitution, by the Constitution of the State of GEORGIA, . . . and by federal law, and which deprivations are violations of 18 U.S.C. §§ 241 and 242. *See also* 28 U.S.C. § 1652." Doc. 1-1 at 5. Those allegations are insufficient to satisfy the first prong as they do not identify or allege that Defendant's basis for removal is the denial of rights based on "federal law providing for specific civil rights stated in terms of *racial equality*." Elul, 2026 U.S. Dist. LEXIS 23778, at *5 (emphasis added). Nor has Defendant satisfied the second part of the two-part test, i.e., "that [s]he has been denied or cannot enforce that right in the state courts," id. Her conclusory allegations, devoid of any factual support, that she "complains [s]he has a right to Fair and Impartial Proceedings and a right to equal and adequate protection under the laws of the State of Georgia" and "has been denied the constitutional right to a jury trial," Doc. 1-1 at 5, are insufficient.

"Even when a defendant cannot point to 'a pervasive and explicit state or federal law' that would deny them the protection of a federal civil rights statute, the defendant may still be able to remove a case to federal court when the

plaintiff's very act of bringing the case against the defendant in state court is a violation of the defendant's rights protected by the federal civil rights law." Sapir Realty, 2025 U.S. Dist. LEXIS 173556, at *8 (citing Georgia v. Rachel, 384 U.S. 780, 805 (1996)). "Hence, there is a narrow exception, 'when a lawsuit filed in state court is itself the act by which the movant's civil rights are violated.' " Id. (quoting Sofarelli v. Pinellas Cnty., 931 F.2d 718, 725 (11th Cir. 1991)). "This exception requires the petitioners to show that they were engaged in statutorily protected activity, that the state court action was brought against them for having engaged in the protected activity, and that the action has the effect of coercing, intimidating, threatening, and otherwise interfering with their rights under the appropriate statute." Id. (citing Northside Realty Assocs., Inc. v. Chapman, 411 F. Supp. 1195, 1199–1200 (N.D. Ga. 1976)). Defendant has made no such showing or allegation. See Doc. 1-1 at 1–5.

Defendant has not alleged that the right on which she relies arises under a federal law providing for specific civil rights stated in terms of racial equality, she has not identified a state law that operates to prevent her from enforcing her rights in state court, and she has not alleged or shown that Plaintiff brought the dispossessory action because Defendant engaged in statutorily protected activity or to prevent her from engaging in such activity in order to coerce, intimidate, threaten, or otherwise interfere with Defendant's rights under an appropriate

statute. Thus, Plaintiff has not shown that removal is proper under 28 U.S.C. § 1443.

Because Defendant has not shown that the Court has subject matter jurisdiction over this state court dispossessory action, it is **RECOMMENDED** that the case be **REMANDED** to the Magistrate Court of Clayton County.

The Clerk is **DIRECTED** to terminate the reference of this case to the undersigned Magistrate Judge.

**IT IS SO ORDERED, REPORTED and RECOMMENDED** this 15th day of September, 2026.

Anna W. Howard
United States Magistrate Judge